IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CANDICE WILLIAMS, individually, and as Administrator of the Estate of her unborn fetus, and DANIEL SIGERS, ) ) ) ) | |
| Plaintiffs, ) | No. 09 C 1915 |
| v. ) ) | Judge Robert W. Gettleman |
| CRETE POLICE OFFICER JUAN N. GARCIA (#129), CRETE POLICE OFFICER MICHAEL BUZAN (#112), POLICE OFFICER RICHARD P. PASQUINI (#125), CHRISTINE ANDERSON, CARRIE KING, MARYLIN M. REID, TORIAN N. MOORE, ROCKY HILL, MATHEW WEGNER, the CRETE-MONEE BOARD OF EDUCATION, the CRETE-MONEE HIGH SCHOOL, and the VILLAGE OF CRETE, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Candice Williams, individually, and as Administrator of the Estate of her unborn fetus, and Daniel Sigers, have brought a nineteen-count complaint against defendants, Crete Police Officers Juan N. Garcia and Michael Buzan, Police Officer Richard P. Pasquini, the Village of Crete (the "Village Defendants"), Christine Anderson, Carrie King, Marylin M. Reid, Torian N. Moore, Rocky Hill, Mathew Wegner, the Crete-Monee Board of Education, and Crete-Monee High School (the "School District Defendants"). The complaint alleges wrongful death (Counts I, II, and III), intentional infliction of emotional distress (Count IV), assault (Count V), battery (Count VI), false imprisonment (Count VII), unlawful seizure (Counts VIII and IX), excessive force (Count X), malicious prosecution (Count XI), due process (Count XII), denial of medical care (Count XIII), failure to intervene (Count XIV), defamation (Count XV), indemnity (Counts XVI and XVII), and *Monell* claims (Counts XVIII and XIX). The Village Defendants

have moved to strike all claims against the Village for punitive damages and have moved to dismiss Counts VIII, IX, and XII under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed below, the motion to strike is granted, and the partial motion to dismiss is granted as to Count XII and denied as to Counts VIII and IX.

## FACTS[1]

Plaintiff was a senior at Crete-Monee High School in 2008. She was a Venture Scholar, an honor-roll student, and member of the Crete-Monee High School track team. In early March 2008, plaintiff learned that she was pregnant. Plaintiff stopped running track as a result of her pregnancy. On April 3, 2008, plaintiff decided to participate in the track team practice after school. The track team ended practice and began gathering their belongings to leave the school at about 5:15 p.m. Plaintiff sat on the bench just outside the gym waiting for her school bus, which generally arrived between 5:30 and 5:50 p.m. At that time, defendants Garcia and Pasquini were off-duty and in the High School's weight room lifting weights. At approximately 5:28 p.m., defendants Reid and Moore, security guards at the school, began asking students who were in the hallway to leave the building. Williams moved to the vestibule to wait just inside until the track team bus arrived. Defendants Reid and Moore then told plaintiff to go all the way outside. She informed defendants that she was cold, pregnant and suffering from anemia and that she wanted to stay in the breezeway until her bus arrived. Defendant Anderson, a teacher, came up and said, "that's trespassing, call the police and have her removed." Plaintiff refused to leave the building.

---

[1] For the purposes of a motion to dismiss under Rule 12(b)(6) the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).

Defendant Moore summoned defendants Garcia and Pasquini. Defendants Garcia and Pasquini forcibly removed her. Plaintiff was arrested for criminal trespass and taken to the Crete Police Department. According to plaintiff, she was "pushed, grabbed, dragged, thrown to the ground then smashed into the ground" for approximately ten to fifteen minutes, and was then arrested by defendant Buzan. Plaintiff asserts that she lost her pregnancy as a result of defendants' conduct.

On March 25, 2009, plaintiff was tried for a class B misdemeanor of criminal trespass. On April 17, 2009, the state criminal court granted plaintiff's motion for a directed verdict.

## DISCUSSION

### I. Motion to Strike

The Village Defendants have moved to strike each prayer for relief directed at the Village of Crete seeking punitive damages in Counts I, II, III, XI, and XII. A municipality is immune from punitive damages under both federal and state law. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 248 (1981); *Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1090 (7th Cir. 1990). Plaintiffs do not challenge the Village Defendants' motion. Accordingly, plaintiffs' prayers for relief seeking punitive damages against the Village of Crete are stricken from Plaintiff's Second Amended Complaint.

## II.     Motion to Dismiss

*Standard*

The Village Defendants have moved to dismiss Counts VIII, IX, and XII of plaintiffs' Second Amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Such motions challenge the sufficiency of the complaint, not the merits, and should be granted only if plaintiff's allegations fail to raise a plausibility of success. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-64 (2007). To state a claim on which relief can be granted, a plaintiff must satisfy two conditions: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Twombly*, 550 U.S. at 555; *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

*Counts VIII and IX- Unlawful Seizure*

Count VIII alleges a first unlawful seizure in violation of the Fourth Amendment against Village Defendants Pasquini and Garcia based upon plaintiff being "pulled [] outside, with no lawful basis." Count IX alleges a second unlawful seizure in violation of the Fourth Amendment against Village Defendants Garcia, Pasquini, and Buzan based upon plaintiff being seized and arrested without probable cause. The Village Defendants have argued that Counts VIII and IX are duplicative and should be re-pled as one count because these counts allege two separate unlawful seizures that constitute only one distinct claim, comprising of the same operative facts and the same theory of liability.

The Village Defendant's position is flawed. To establish a section 1983 claim, a plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States that is conducted under the color of law. 42 U.S.C. § 1983 (2006); *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994). Plaintiffs have pled two distinct unreasonable seizures in violation of the Fourth Amendment. First, plaintiffs allege that Village Defendants, Pasquini and Garcia, forcibly removed plaintiff Williams, from inside the school. Second, plaintiffs allege that Garcia, Pasquini, and Buzan then falsely arrested Williams and transported her to the police station.

The Fourth Amendment prohibits unreasonable seizures of a person. *McCoy v. Harrison,* 341 F.3d 600, 605 (7th Cir. 2003). All that is required for a seizure is "an intentional acquisition of physical control," *Brower v. County of Inyo,* 489 U.S. 593, 596 (1989), with the state actor "restraining the freedom of a person to walk away, thereby seizing that person." *McCoy,* 341 F.3d at 605 (quoting *Tennessee v. Garner,* 471 U.S. 1, 7 (1985)). Plaintiffs allege that Village Defendant officers Garcia and Pasquini seized plaintiff Williams when they "forcefully imposed an unlawful restraint upon plaintiff's freedom of movement, to wit grabbing her while she was in the school, and without lawful justification dragging her outside the school and then holding her to the ground." There is no question that plaintiff was seized within the meaning of the Fourth Amendment. The only question is whether that seizure was conducted in a reasonable manner. Accordingly, plaintiffs have stated a claim for unlawful seizure.

To state a Fourth Amendment claim based on false arrest, a plaintiff must allege that she was "arrested without probable cause." *Washington v. Haupert*, 481 F.3d 543, 547 (7th Cir. 2007). "In order to have probable cause for an arrest, law enforcement agents must reasonably

5

believe, in light of the facts and circumstances within their knowledge at the time of the arrest, that the suspect had committed or was committing an offense." *Payne v. Pauley,* 337 F.3d 767, 776 (7th Cir.2003). Reasonableness is determined by what the officers knew, not whether they knew or should have known it is the truth. *Gramenos v. Jewel Companies,* 797 F.2d 432, 439 (7th Cir.1986). In the instant case, plaintiffs allege that Williams was arrested without probable cause, charged with a crime she did not commit, and held at a police station for several hours. Plaintiffs have adequately stated a separate section 1983 claim based on false arrest.

Consequently, the Village Defendants motion to dismiss Counts VIII and IX is denied.

*Count XII- Due Process*

Count XII alleges a section 1983 claim based on a substantive Due Process violation of the Fourteenth Amendment. The Village Defendants argue that plaintiffs' due process claim in Count XII should be dismissed because it is duplicative of plaintiffs' malicious prosecution and false arrest claims.

A substantive due process claim cannot be maintained when a specific constitutional provision protects the rights allegedly violated. *McCann v. Mangialardi,* 337 F.3d 782, 786 (7th Cir. 2003) (citing *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). Consequently, a due process claim fails if it combines "what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *Brooks v. City of Chicago*, 564 F.3d 830 (quoting *McCann*, 337 F.3d at 786).

In *Brooks*, the defendant police officers, allegedly "grabbed Brooks, threw him to the ground, and searched around the waistband of his underwear." *Brooks*, 564 F.3d at 831. The

defendants also allegedly used excessive force and acted without probable cause in arresting and confining him for approximately three weeks before charges were dismissed. *Id.* Three years later Brooks was arrested on a warrant issued against him. *Id.* He later sued the defendant officers for false arrest, violations of his Fourteenth Amendment substantive due process rights based on a deprivation of liberty from prosecution and a contrived conviction deliberately obtained from the use of false evidence, and state law claims for malicious prosecution and false imprisonment. *Id.* Specifically, the plaintiff's due process claim alleged that the defendant officers deprived him "of fair criminal proceedings" by failing to disclose "known exculpatory evidence, perjuring themselves, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial." *Id.* at 833. The court held that his claim alleging that the criminal proceedings based on false evidence or testimony was for malicious prosecution rather than a due process violation. *Id.*

Like the plaintiff in *Brooks*, the instant plaintiffs allege that the Village Defendants "maliciously prosecute[d] Williams" by presenting false testimony, destroying or hiding exculpatory evidence and providing false police reports. Plaintiffs' claim is for malicious prosecution rather than a due process violation, and the existence of a tort claim under state law precludes a constitutional theory of malicious prosecution.

In response to the Village Defendants' Motion to Dismiss, plaintiffs contend that Count XII also states a civil *Brady* claim under section 1983. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Regardless of the legal characterization of a claim found within a complaint, it can survive a motion to dismiss in federal court only if the facts alleged would support relief. *Pope v. City of Chicago*, 2009 WL 811625, at *2 (N.D. Ill. Mar. 24, 2009) (citing *Forseth v. Village of*

7

*Sussex,* 199 F.3d 363, 368 (7th Cir. 2000). "The rule against bringing malicious prosecution claims, however, cannot be avoided by mischaracterizing malicious prosecution claims based on providing false information (through testimony or otherwise) as *Brady* violations for failing to disclose that the information is false." *Pope*, 2009 WL 811625, at *3 (citing *Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003)). Further, a plaintiff cannot bring a section 1983 *Brady* claim unless the plaintiff was subject to an underlying conviction. *See Rodriguez v. Woodall*, 189 Fed. App'x 522, 527 (7th Cir. 2006). Plaintiff was not convicted. As discussed above, plaintiffs' constitutional theory of malicious prosecution cannot stand, even characterized as a civil *Brady* violation. Accordingly, Count XII is dismissed.

## CONCLUSION

For the reasons discussed above, the Village defendants' motion to strike all claims for punitive damages asserted against the Village is granted. The motion to dismiss is granted as to Count XII and denied as to Counts VIII and IX.

**ENTER:** November 3, 2009

_____
**Robert W. Gettleman
United States District Judge**